


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WALCO INTERNATIONAL, INC., §
Plaintiff, §
§
VS. § NO. 4:10-CV-238-A
§
CSR SUMMITT, INC., §
Defendant. §

MEMORANDUM OPINION
and
ORDER

Before the court is the motion of plaintiff, Walco International, Inc. ("Walco"), to remand. After having considered the motion, the response of defendant, CSR Summitt, Inc. ("CSR"), thereto, Walco's reply to the response, and all other pertinent documents of record, the court has concluded that the motion should be granted, and that this action should be remanded to the state court from which it was removed.[1]

I.

History of the Litigation

A. Claims Asserted in Walco's State Court Complaint

This is a declaratory judgment action brought by Walco against CSR in which Walco seeks a declaration that it is not liable to CSR for any damages resulting from a memorandum

[1]CSR has also filed a motion to dismiss Walco's petition pursuant to Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure, and Walco has filed a motion for leave to conduct jurisdictional discovery. Because the court determines that it lacks jurisdiction over this action, the court will not address either of the parties' other pending motions.

distributed by Walco to a group of California veterinary clinics and dairy producers in January 2010. The memorandum stated that CSR had purchased veterinary pharmaceuticals manufactured by Walco from a third party and was selling those products in California without proper labeling, in violation of California law. In its complaint filed on March 15, 2010, in the District Court of Tarrant County, Texas, Walco alleged that "CSR has recently made numerous threats of imminent litigation to Walco related to the Memorandum," Compl. at 3, ¶ 12, and requested the following declarations pursuant to the Texas Declaratory Judgments Act:

> a. That Walco is not liable for any damages to CSR related to the Memorandum, for the following reasons:
>
> > i. The statements contained in the Memorandum are true (or, alternatively, substantially true);
> >
> > ii. CSR has sustained no damages as a result of the Memorandum; and
> >
> > iii. CSR's own acts and/or omissions caused or contributed to cause any damages which CSR allegedly sustained from the Memorandum [and]
>
> b. That CSR take nothing from Walco, and that Walco be awarded its attorneys fees and costs related to this action.

Id. at 4, ¶ 15.

B. The Removal and Motion to Remand

CSR removed the action to this court by notice of removal filed April 9, 2010, claiming both diversity jurisdiction and federal question jurisdiction. Walco was alleged to be a

Delaware corporation with its principal place of business in Westlake, Texas, thus making it a citizen of Delaware and Texas. Notice of Removal at 1, ¶ 4. CSR was alleged to be a Nebraska corporation with its principal place of business in Omaha, Nebraska, thus making it a citizen of Nebraska. Id. In support of its contention that the amount in controversy exceeds $75,000, CSR alleged that:

> 5. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object in the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1997).
>
> 6. Plaintiff seeks a declaratory judgment for a declaration that plaintiff is not liable for damages sustained by Defendant as a result of Plaintiff's actions. The amount in controversy exceeds $75,000.00 and the declaration sought by Plaintiff therefore has a value to Plaintiff in excess [of] $75,000.00. Plaintiff also seeks attorneys' fees and costs arising out of this action.

Id. at 1-2, ¶¶ 5-6.

On April 21, 2010, Walco filed a motion to remand, arguing that its state court complaint did not present a federal question and that, although there is complete diversity between the parties, CSR has failed to carry its burden to show that the amount in controversy exceeds $75,000.

II.

Analysis

A. General Principles Governing Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district courts

would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). Thus, subject to few exceptions not applicable in this case, an action is removable only if (1) the action presents a federal question, or (2) there is complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000, excluding interest and costs. Id.

The removing party bears the burden of establishing that federal subject matter jurisdiction exists. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citations omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B. CSR Has Not Shown That the Court Has Jurisdiction

a. Federal Question

The federal question statute, 28 U.S.C. § 1331, provides federal district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." An action arises under federal law for purposes of § 1331 if the plaintiff pleads a cause of action created by federal law, or if the action requires resolution of a

substantial federal issue. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312-14 (2005).

In all cases, the court determines whether an action arises under federal law by applying the well-pleaded complaint rule. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983). That is, the federal question must be disclosed on the face of the plaintiff's complaint, without reference to any anticipated defenses or counterclaims. Tennessee v. Union & Planters Bank, 152 U.S. 454, 464 (1893). In the context of a declaratory judgment action, however, the well-pleaded complaint rule operates slightly differently. Rather than analyzing whether the declaratory judgment plaintiff could state a claim under federal law, the court must reverse the parties and ask whether, "if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." Franchise Tax Bd., 463 U.S. at 19.

CSR first argues that this case presents a federal question because to determine whether the statements in the memorandum are true, the court would have to determine whether CSR violated federal regulations, which is an issue of federal law. A necessary element of this argument is CSR's contention that "in the Petition, Walco states that the Memorandum alleges that CSR violated Federal Food and Drug ("FDA") regulations related to the labeling of drugs." Resp. at 5. The memorandum identifies only

a state regulation as having been violated, California Code of Regulations Div. 17-16.1780.1. Although the memorandum states that "[Walco] must ensure that all distribution channels are compliant with FDA and USDA regulations," Degan Decl. at unnumbered second page, CSR cannot seriously contend that this reference alleges a violation a federal regulations. CSR's first argument is therefore unavailing.

CSR next argues that the case arises under federal law because CSR could have brought an action for damages against Walco arising under federal law, to wit, § 43 of the Lanham Act, 15 U.S.C. § 1125(a). However, CSR's argument ignores the principle that the federal question must appear on the face of the complaint. Walco's complaint did not allege that CSR was threatening to sue under a federal statute. The complaint merely stated that "CSR has recently made several threats of imminent litigation . . . related to the Memorandum." Compl. at 3, ¶ 12. Nor is it obvious from the facts alleged in the complaint that CSR's threatened action would include a federal claim. CSR could have sued Walco under only state law theories of defamation, libel, or tortious interference.

Moreover, CSR's argument strikes the court as disingenuous when compared with the arguments made in CSR's motion to dismiss filed in this action on April 19, 2010. In that motion, CSR takes the position that the court lacks subject matter jurisdiction because there is no actual controversy between the

parties. In its supporting brief to the motion to dismiss, CSR states: "CSR[] . . . did not affirmatively state under which theories CSR would bring legal action," Br. in Supp. of Mot. to Dismiss at 7, and "there are no facts set forth in the complaint which would allow the court to make a determination . . . [regarding] the theories CSR would raise in such action," id. By these statements, CSR admits that no controversy between the parties arising under federal law appears on the face of Walco's complaint.

Thus, this action does not present a federal question.

b. Diversity Jurisdiction

Having determined that the case does not involve a federal question, the court must find that it has diversity jurisdiction, or else remand to state court. Walco does not dispute that it and CSR are citizens of different states; therefore, whether the court has diversity jurisdiction hinges on whether the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332.

Walco's complaint is silent as to what amount CSR will be claiming against Walco for its distribution of the memorandum. Therefore, CSR bears the burden of proving by a preponderance of the evidence that its claims against Walco will be more than $75,000.[2] Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298

[2]In its response to the motion to remand, CSR incorrectly states that "for a federal court to decline diversity jurisdiction on the basis that the amount in controversy is inadequate, it must appear *to*

(continued...)

(5th Cir. 1999). To carry this burden, CSR must adduce summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that it will make a claim of at least the requisite amount.

CSR alleged in the notice of removal that "[t]he amount in controversy exceeds $75,000.00 and the declaration sought by Plaintiff therefore has a value to Plaintiff in excess [of] $75,000.00." Notice of Removal at 2, ¶ 6. This allegation is nothing more than a conclusory assertion that the amount in controversy exceeds the required amount. Conclusory allegations, without evidence establishing the facts underlying such allegations, are insufficient to satisfy CSR's burden of proof. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

In an apparent attempt to overcome the lack of proof in the notice of removal, CSR submitted with its response to the motion to remand the declaration of C. Scott Remington ("Remington"), Chief Executive Officer, CSR. In his declaration, Remington averred that

> [a]fter the Memorandum was distributed, CSR was contacted by customers inquiring as to the accuracy of the Memorandum. At this time, CSR does not know how may [sic] of its customers received the Memorandum, or the full extent of the damage done to CSR's reputation and business. However, upon information and belief, I

---

[2](...continued)
*a legal certainty* that the claim is for less than the jurisdictional amount." Resp. at 7. The legal certainty test referred to by CSR applies only in a situation where the plaintiff files suit in federal court and alleges damages in excess of the jurisdictional amount. De Aguilar v. Boeing Co., 47 F.3d 1404, 1409 (5th Cir. 1995) ("[T]he legal certainty test does not apply in a remand situation where the plaintiff has alleged an indeterminate amount of damages.")

> believe that the damages sustained to CSR's reputation and lost business will, when fully tabulated, exceed $75,000.

Remington Decl. ¶ 10.

The allegations in Remington's declaration are no more probative of the amount in controversy than the allegations in the notice of removal. Remington's estimate of CSR's damages is pure speculation; his declaration establishes no facts supporting his assertion that CSR's damages will exceed $75,000. In light of the court's obligation to resolve doubts about federal jurisdiction against the exercise of such jurisdiction, the court declines to find based on such speculation that the amount in controversy exceeds the requisite amount.

For the reasons given above, the court finds that CSR has failed to carry its burden to prove by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000. The court therefore lacks jurisdiction under § 1332.

III.

Order

Therefore,

The court ORDERS that Walco's motion to remand be, and is hereby, granted, and that this action be, and is hereby remanded to the state court from which it was removed.

SIGNED June 9, 2010.

JOHN McBRYDE
United States District Judge